UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                 :

JENNIFER VUONA, SARA HUNTER HUDSON,
JULIA KUO, and CATHERINE WHARTON,

                                                 10 Civ. 6529 (PAE)

                         Plaintiffs,

                 -v-                       OPINION & ORDER

MERRILL LYNCH & CO., INC., MERRILL LYNCH,
PIERCE, FENNER & SMITH, INC., and BANK OF
AMERICA CORP.,

                         Defendants.

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Jennifer Vuona, Sara Hunter Hudson, Julia Kuo, and Catherine Wharton (collectively, "plaintiffs") move this Court to review the Clerk of Court's taxation of costs and to deny such costs to defendants Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., and Bank of America Corp. (collectively, "defendants"), pursuant to Federal Rule of Civil Procedure 54(d)(1) and S.D.N.Y. Local Civil Rule 54.1. Alternatively, plaintiffs ask the Court to hold the motion in abeyance pending the resolution in state court of their claims pursuant to the New York City Human Rights Law. Defendants oppose this motion. For the reasons that follow, the Court denies plaintiffs' motion and affirms the Clerk's taxation of costs, with the exception of $148.50, which the Clerk awarded to defendants for copying costs associated with providing courtesy copies of their motion papers to the Court.

**I.    Procedural History**

On September 2, 2010, plaintiffs filed their complaint, alleging that their employment was unlawfully terminated on the basis of gender, in violation of Title VII of the Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8–101 *et seq.* Dkt. 1. Vuona also alleged that she had been unlawfully retaliated against for opposing discrimination proscribed by these laws. *Id.* After the close of fact discovery, defendants moved for summary judgment. Dkt. 31 & 33. In an Opinion and Order dated January 24, 2013 ("Opinion"), the Court granted defendants' motion as to plaintiffs' Title VII and NYSHRL claims, Dkt. 67, but declined to exercise supplemental jurisdiction as to plaintiffs' NYCHRL claims, which it dismissed without prejudice. *Id.*

On February 22, 2013, a Bill of Costs hearing was held before Judgment Clerk Michael Lee. On February 25, 2013, the Clerk entered a judgment granting to defendants costs of $6,420.50. Dkt. 69. On March 1, 2013, plaintiffs filed this motion to review the Clerk's Taxation of Costs. Dkt. 70. In support, plaintiffs submitted a memorandum of law ("Pl. Br."), Dkt. 71, and the Declaration of Anne L. Clark ("Clark Decl."), Dkt. 72, and accompanying exhibits. On March 12, 2013, defendants submitted an opposition to the motion ("Def. Br."), Dkt. 73. Plaintiffs did not submit a reply. *See* Dkt. 74.

## II.     Applicable Legal Standard

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1).[1]

---

[1] 28 U.S.C. § 1920 and Local Civil Rule 54.1 of the Southern District of New York identify the costs that may be taxed. The Supreme Court has held that the list of costs set out in § 1920 is exhaustive. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–41 (1987).

In reviewing a clerk's taxation of costs, a district court is to "exercis[e] its own discretion to 'decide the cost question [it]self.'" *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). However, "because Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Adkins v. Gen. Motors Acceptance Corp.*, 363 F. App'x 97, 99 (2d Cir. 2010) (quoting *Whitfield*, 241 F.3d at 270). The burden to demonstrate that costs should not be imposed therefore lies with the losing party. *Id.*

Whether a litigant is a "prevailing party" turns on whether there has been a "judicially sanctioned change in the legal relationship of the parties." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)) (holding that judgments on the merits or court-ordered consent decrees constitute such a judicially sanctioned change). A prevailing party need not have been successful on every claim in the litigation. Rather, "[a] party who is only partially successful also can be deemed a prevailing party. . . . [A] claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Hamptons Locations, Inc. v. Rubens*, No. 01-CV-5477 (DRH)(WDW), 2010 WL 3522808, at *4 (E.D.N.Y. Sept. 2, 2010) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2667, at 212 (3d ed. 1998)); *cf. Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998) (citations omitted) ("For a plaintiff to be considered a 'prevailing party,' . . . he need not have succeeded on the central issue in the case . . . . It is sufficient that the plaintiff succeeded on any significant issue in [the] litigation . . . if he received actual relief on the merits of his claim [that] materially alters the legal relationship between the parties . . . ."); *Carroll v. Blinken*, 42 F.3d 122, 129 (2d Cir. 1994).

### III. Discussion

#### A. Defendants Are the Prevailing Parties for the Purposes of Rule 54(d)(1)

Plaintiffs argue that defendants are not "prevailing parties," and thus are not entitled to recover costs. That argument is based on the Court's having declined to exercise supplemental jurisdiction over plaintiffs' NYCHRL claims, and having dismissed those claims without prejudice. Plaintiffs argue that that disposition prevents defendants from being held "prevailing parties," under Rule 54(d), because "the legal relationship between plaintiffs and defendants remains unaltered by the Court's dismissal of plaintiffs' Title VII and NYSHRL claims." Pl. Br. 4. Plaintiffs further represent that they "intend to re-file their claims in New York County Supreme Court," Pl. Br. 6; Clark Decl. ¶ 2, and, therefore, state that their "legal claims against defendants . . . remain very much alive." Pl. Br. 4.

Defendants counter that, because the Court granted summary judgment to defendants on all claims over which it retained jurisdiction, and on the majority of the claims brought before it, defendants are fairly characterized as prevailing parties. Def. Br. 3.

The Court agrees with defendants. The Court granted summary judgment in favor of defendants on all of the plaintiffs' Title VII and NYSHRL claims. These represented the bulk of plaintiffs' claims brought before this Court. Although the Court elected not to address plaintiffs' NYCHRL claims and these therefore remain to be pursued in state court, their dismissal without prejudice was not on the merits, and does not detract from defendants' complete success on the balance of the lawsuit.

As the Court's Opinion stated, federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a), but that

jurisdiction is discretionary, *id.* at § 1367 (c)(3); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). *See* Opinion 53–55. In deciding whether to exercise jurisdiction, courts are to consider the "values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Both the Second Circuit and the Supreme Court have held that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Although the exercise of supplemental jurisdiction is discretionary, the "usual case in which all federal-law claims are dismissed before trial . . . will point toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lynch*, 154 F.3d at 61 (citing *Cohill*, 484 U.S. at 350 n.7).

Such was the case for the NYCHRL claims here. The Court dismissed plaintiffs' claims without prejudice, because it "ha[d] not yet invested the resources necessary to resolve the NYCHRL claims, which require application of a different standard" than the Title VII and NYSHRL claims. Opinion 55. This accorded with the Supreme Court's instruction in *Cohill*. That dismissal did not reflect an assessment of the strength or weakness of plaintiffs' NYCHRL claims.

In light of that holding, it would be impossible to describe plaintiffs as having "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992); *see also Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 (2d Cir. 1996); *Carroll v. Blinken*, 42 F.3d at 129. That formulation does, however, fit the defendants' victory on the remaining claims. Frequently, "a plaintiff pressing federal civil rights claims . . . combines these claims with related state-law claims . . . [,] result[ing] in many permutations and combinations of relief" that make it "difficult

to discern when a plaintiff has 'prevailed.'" *Bridges*, 102 F.3d at 58. But here, defendants prevailed on every claim resolved on the merits, as against each of the four plaintiffs. The Seventh Circuit's assessment is therefore apposite that "when a court grants a defendant summary judgment on the plaintiff's federal claims and dismisses the state law claims for lack of subject matter jurisdiction, the defendant is a prevailing party and, therefore, entitled to costs." *Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1083–84 (N.D. Ill. 2002) (citing *Ogborn v. United Food & Commercial Workers Union*, 305 F.3d 763, 769–70 (7th Cir. 2002)).

The weight of case law confirms this outcome: "[A] plaintiff who loses on the merits of [her] federal civil rights claim is not a 'prevailing party' for purposes of an award of attorneys' fees . . . even if [she] prevails on a related pendent state law claim." *Bridges*, 102 F.3d at 58–59 (quoting *Nat'l Org. for Women v. Operation Rescue*, 37 F.3d 646, 653–54 (D.C. Cir. 1994)); *see also Kelly v. City of Leesville*, 897 F.2d 172, 177 (5th Cir. 1990); *Mateyko v. Felix*, 924 F.2d 824, 828–29 (9th Cir. 1990) (collecting cases). Here, the plaintiffs have not yet even prevailed on their state-law claims. And although the issue at bar concerns the award of costs rather than attorneys' fees, the inquiry is parallel: "[I]n general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." *Dattner*, 458 F.3d at 101–02 (citing *Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1189–90 (D.C. Cir. 1998) ("prevailing party" determination generally the same in contexts of attorneys' fees and costs)); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1180 n.1 (Fed. Cir. 1996) (same); *cf. Farrar v. Hobby*, 506 U.S. 103, 119–20 (1992) (O'Connor, J., concurring) ("[W]hen a court denies costs, it must deny fees as well . . . . Just as a Pyrrhic victor would be denied costs under Rule 54(d), so too should it be denied fees under § 1988.").

In prevailing on the majority of the claims brought before this Court, defendants have not simply achieved a "de minimis" victory, as plaintiffs characterize it. *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). They have won on every claim resolved on the merits. The Court therefore holds that, despite its dismissal without prejudice of plaintiffs' NYCHRL claims, defendants are the "prevailing party" for purposes of this action.

### B. Awarding Costs to Defendants Would Not Be Inequitable

Even where a party is held prevailing, a court "need not award costs if it finds that such an award would be inequitable." *Bekiaris v. United States*, No. 96 Civ. 302 (MGC), 1998 WL 734362, at *1 (S.D.N.Y. Oct. 20, 1998). To be sure, "an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270. But courts are also to consider the public importance of the case, the difficulty of the issues, the financial hardship to the plaintiff, the plaintiff's good faith in bringing the action, and any misconduct by the prevailing party. *Id.*; *Shervington v. Village of Piermont*, No. 09 Civ. 4273 (RWS), 2012 WL 2574744, at *2–3 (S.D.N.Y. July 3, 2012); *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006); *Lewis v. Keane*, No. 96 Civ. 3867 (WK), 1998 WL 265127, at *2 (S.D.N.Y. May 26, 1998); *Jones v. Gen. Bd. of United Methodist Church*, No. 96 Civ. 5462 (HB), 1997 WL 639027, at *1 (S.D.N.Y. Oct. 15, 1997).

Here, plaintiffs brought this suit in good faith. And there is an "important public interest served by the pursuit of colorable Title VII claims." *Christoforou v. Ryder Truck Rental, Inc.*, 668 F. Supp. 294, 304 (S.D.N.Y. 1987). But, for the reasons that follow, these facts do not make an award of costs to defendants as the prevailing party inequitable.

First, good faith alone is rarely sufficient to warrant a denial of costs to the prevailing party. *See Whitfield*, 214 F.3d at 272–73 ("[G]ood faith and the absence of frivolous claims, by

themselves, do not require a district court to deny costs."); *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101 (2d Cir. 1999) (assessment of costs against plaintiff not erroneous simply because her claims were not "useless, baseless or frivolous"); *Dejesus v. Starr Technical Risks Agency, Inc.*, No. 03 Civ. 1298 (RJH), 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005) ("Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith."). Plaintiffs' unquestioned good faith in bringing this suit is insufficient to justify deviating from the usual course of awarding costs to the prevailing party.

Second, plaintiffs do not point to any significant financial hardship that would flow from imposing costs here. They merely state that "defendants are components of a large national banking firm" and "[p]laintiffs were trainees." Pl. Br. 7. That is insufficient to meet plaintiffs' burden. *See Perks v. Town of Huntington*, 331 F. App'x 769, 770 (2d Cir. 2009) (burden not met where "only evidence to support [plaintiff's] claim of financial hardship is testimony that he is retired and incurs an unspecified amount of expenses"); *Hickey v. City of New York*, 241 F.R.D. 150, 154 (S.D.N.Y. 2006) (plaintiffs' objections on financial hardship grounds without merit where they did not assert indigency, and merely stated that they could not afford costs, without articulating reasons or providing documentation); *Dejesus*, 2005 WL 957389, at *2 ("[T]he party asserting a lack of funds must demonstrate his indigency." (citation omitted); plaintiff who had filed for bankruptcy but received $40,000 in annual salary had not demonstrated reason why costs should not be imposed). Indeed, even "indigency *per se* does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270. And plaintiffs have made no claim of indigency, or even that they would have difficulty paying the costs here.

Nor have plaintiffs articulated any other substantial reason to deny an award of costs to the defendants. Plaintiffs argue that awarding costs would be "incongruous and unfair," because

they intend to pursue their NYCHRL claims in state court, and the costs at issue relate to tasks relevant to both the federal and state court proceedings. Pl. Br. 5. However, plaintiffs chose to pursue their case in federal court, which carried with it the possibility, now realized, that the Court would decline to exercise supplemental jurisdiction on some or all state claims.

As plaintiffs note, should they prevail in state court, they will be entitled to potentially substantial damage awards, and perhaps also punitive damages and attorneys' fees. Pl. Br. 4. As plaintiffs further note, the state court is also "empowered to provide defendant with costs, should they prevail in the action." *Id.* at 6 (citing N.Y. C.P.L.R. §§ 8108 *et seq.*, 8301 *et seq.*) In either case, the state court will therefore be able to address any "incongruity" that might arise from the potential piecemeal disposition of this lawsuit.

In sum, plaintiffs have not met their burden to disturb the presumption that costs be awarded to the prevailing party as a "matter of course." *See Hickey*, 241 F.R.D. at 153 (fact that case was "vigorously litigated" and involved "real and lasting injuries" not sufficient to remove case "from the general presumption that costs should be awarded to the prevailing party"). The Court recognizes the value of vigorous litigation in opposition to gender discrimination, but the award of costs in this case, in which plaintiffs' federal and NYSHRL claims have been found meritless, should not discourage potential plaintiffs from bringing meritorious cases.

### C. Defendants' Request For Copying Costs Is Denied

The Court agrees with plaintiffs, however, that the $148.50 in copying costs associated with defendants' providing courtesy copies of their summary judgment motion papers to the Court are not properly taxed against plaintiffs. Local Rule 54.1(c)(5) states: "The cost of copies used for the convenience of counsel or the Court are not taxable." S.D.N.Y. Local Civ. R. 54.1(c)(5). Courtesy copies of motion papers fall within the scope of that provision. *See Kelly v.*

*Lex, Inc.*, No. 03 Civ. 2778 (GEL), 2005 WL 1644229, at *1 (S.D.N.Y. June 30, 2005) (denying photocopying expenses to defendant, stating that "[o]rdinarily . . . the copying costs that are taxed are . . . not the cost of copies of briefs and motion papers submitted to the Court. Thus, Local Rule 54.1(c)(5) refers to copies of 'exhibits,' costs for which may be taxed under certain circumstances, and not to copies of briefs or motion papers. At least in this case, where the copying costs demanded are de minimis, there is no reason why this ordinary expense of litigation should be shifted to the losing party."). Accordingly, the award of costs to defendants is reduced by $148.50, to a total of $6,272.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiffs' motion to vacate the Clerk's Bill of Costs in its entirety but grants plaintiffs' motion as to the $148.50 in copying costs awarded to the defendants. The Court therefore grants costs to defendants in the amount of $6,272.

The Clerk of Court is directed to terminate the motion pending at docket number 70.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 13, 2013
New York, New York